UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LUCAS,

    Plaintiff,

                                      Misc. No. 15-mc-50513

v.

                                      HONORABLE DENISE PAGE HOOD

HOME DEPOT,

    Defendant.
_____/

**ORDER DENYING MOTION FOR INTERNAL REVENUE
ENFORCEMENT AND MOTION TO ADD CONDEMNATION AWARD,
DISMISSING CASE AND CLOSING ACTION**

On April 9, 2015, Plaintiff Travis Lucas, proceeding *pro se*, filed a "Complaint" before the Court. The matter was assigned a miscellaneous case number by the Clerk because Plaintiff paid the $46.00 fee for miscellaneous matters. Miscellaneous case numbers are for filing documents not related to a pending case or proceedings, including: Petitions to Quash or Enforce Subpoenas; Registration of Judgments from outside this District; Registration of Power of Attorney; and, Letters of Rogatory. Lucas has since filed numerous documents, including Motion for the Internal Revenue Enforcement and Motion to Add Condemnation Award. (Doc. Nos. 3-11) Although the documents filed by Lucas to date do not appear to be related to pending case or

proceeding, these documents also do not meet the requirements of a miscellaneous matter as set forth above.

A review of the initial "Complaint" appears to allege that Lucas is claiming "breach of fiduciary duty, threats, domestic violence, aiding and abetting unlawful imprisonment, embezzlement, racketeering and larceny committed by (holders in due course) The Home Depot & it's employee's." (Complaint, Doc. No. 1, ¶ 1) Lucas further alleges that "defendant's sureties" "breached by fiduciary duty" a "surrogated contract." *Id.,* ¶ 2. Lucas seeks injunctive relief and seeks "judgment against the defendants," including "general damages of redemption," "special damages," "punitive damages" of $7,400,000.00, "costs of this action," "compensation for reasonable attorney's fees," and other relief as the Court deems proper. *Id.*, p. 2.

Based on the "Complaint," Lucas intended to file a civil action against defendant, here identified as Home Depot. A miscellaneous matter number should not have been assigned to Lucas' "Complaint." Based on the "Complaint," Lucas intended to allege certain claims based on wrongdoings by Home Depot. Lucas should have paid the filing fee for a regular civil case (currently at $400.00) or submitted an application to proceed without prepayment of fees. Lucas cannot circumvent the required fees set forth in 28 U.S.C. § 1914(a) by filing a "Complaint" and various documents under a miscellaneous case matter number. Even if Lucas paid

the appropriate filing fee or a portion thereof, Congress gave the Court the authority to dismiss a case at any time. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at *any time* if the court determines that" the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (italics added); *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

As noted above, Lucas has filed numerous documents and motions in his miscellaneous case number. Lucas has failed to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1975); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). In determining whether a plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court "must

construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true," *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007), and determine whether the "complaint states a plausible claim for relief." *Ashcroft v.. Iqbal,* 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct...." *Id.* at 678, 679. Instead, the allegations must " 'show[ ] that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Even liberally construing the "Complaint" filed by Lucas, the Court finds it fails to state a claim upon which relief may be granted.  Lucas does not plead facts which allows this Court to draw any inference that the defendant Home Depot is liable for the various misconduct alleged (breach of fiduciary duty, threats, domestic violence, aiding and abetting, unlawful imprisonment, embezzlement, racketeering

and larceny). The "Complaint" fails to meet the requirements under Rules 8(a), 12(b)(6) and the case law cited above. The Court finds the various documents and motions filed by Lucas are frivolous.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Travis Lucas' Complaint **(Doc. No. 1)** is **DISMISSED** with prejudice and this miscellaneous case number designated as **CLOSED** on the docket.

IT IS FURTHER ORDERED that the various conclusory relief sought by Lucas in his various submissions, including the Motion for Internal Revenue Enforcement **(Doc. No. 4)** and the Motion to Add Condemnation Award **(Doc. No. 11)**, are DENIED.

        S/Denise Page Hood  
        Denise Page Hood  
        Chief Judge, United States District Court

Dated: November 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2016, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry  
        Case Manager